FORBES, BENDER, PAOLINO & DiSANTI, P.C.
BY:   GARY C. BENDER, ESQUIRE
ATTORNEY I.D. NO. 30408
225 NORTH OLIVE STREET
MEDIA, PA  19063                                    ATTORNEY FOR DEFENDANTS
(610) 627-1700

| | | |
|---|---|---|
| TERRY ELIZABETH SILVA | : | UNITED STATES DISTRICT |
| | : | COURT FOR THE EASTERN |
| vs. | : | DISTRICT OF PENNSYLVANIA |
| | : | |
| MID-ATLANTIC MANAGEMENT | : | |
| CORPORATION, CANTERBURY | : | |
| WOODS HOMEOWNERS ASSOC., | : | |
| FORBES, BENDER, PAOLINO & | : | |
| DiSANTI, P.C. and ALEXANDER A. | : | |
| DiSANTI, ESQUIRE | : | NO. 02-CV-3579 |

## DEFENDANTS' ANSWER AND COUNTERCLAIM

### FIRST DEFENSE

Defendants answer Plaintiff's Complaint as follows:

It is denied that the late fees and attorneys fees collected from Silva were done in an illegal manner.  It is denied that any of the Defendants are debt collectors within the meaning of the "FDCPA".  It is denied that the Defendant, Alexander A. DiSanti was involved in any of the actions alleged by Plaintiff.  Furthermore, it is denied that Alexander A. DiSanti is an employee of Forbes, Bender, Paolino & DiSanti.  It is believed that the Plaintiff is referring to Alexander D. DiSanti, also a lawyer, who is the son of Alexander A. DiSanti.  It is denied that late fees were assessed if payments were made before the applicable deadline.  It is denied that assessments were issued for which Mid-Atlantic never sent a bill.  It is denied that any of the Defendants engaged in any

-2-

prohibited practice such as "pyramiding". It is denied that Mid-Atlantic either failed to respond to Silva concerning any explanation of assessments or failed to investigate and report back to Silva or failed to stop attempted collection or failed to provide any breakdown or response of attorneys fees in violation of the FDCPA. It is denied that Silva requested or was entitled to a breakdown of attorneys fees or that any failure to provide such explanation was a violation of the FDCPA. It is denied that Mid-Atlantic added legal fees to Silva's monthly assessment without any approval or opportunity to assure the reasonableness or that they met the Declarations requirements. It is denied that Canterbury Woods breached a contract with Silva by charging late fees and attorneys fees. In paragraph 4 of Plaintiff's Complaint, it is denied that there were any improperly assessed attorneys fees. In paragraph 8, it is denied that the Defendant, Alexander A. DiSanti is a Pennsylvania attorney practicing at Forbes, Bender, Paolino & DiSanti. It is believed that Plaintiff is referring to Alexander D. DiSanti, Esquire. In response to paragraph 14, it is believed the fee was $83.00. In paragraph 15, it is admitted that the association fee is due the first day of each month. The Declaration provides that a late fee will be charged on any assessment installment not paid within 10 days of the due date. Answering Defendants have no knowledge as to whether Silva resided at any time at Canterbury as alleged in paragraph 16. Defendants have no knowledge or information as to whether Silva periodically does not receive coupons, bills or other communications at Silva's residence. The complaint does not specify documents referred to. Answering

-3-

Defendants have no knowledge as to when Silva typically mails her monthly association fee.  It is denied that Mid-Atlantic "belatedly" acknowledged a payment from Silva on July 12, 2000.  The averments in paragraph 23 of Plaintiff's Complaint are denied.  In paragraph 24, 28, 31, 34 and 37, Defendants have no knowledge as to when Silva mailed the payments set forth therein.  In response to the averments set forth in Paragraphs 18 through 84, late fees were assessed since Silva never paid her entire balance or amount owed to Canterbury Woods pursuant to the Declaration.  In paragraphs 70 and 72, it is denied that the late fees were improper.  In paragraph 73 it is denied that the attorneys fees are improper.  The averments in paragraph 75 of Plaintiff's Complaint are denied.  In paragraph 78, Defendants are without knowledge as to whether the arbitration date was unbeknownst to Silva.  In paragraphs 79 and 80, Answering Defendants are without knowledge as to whether Silva received notice of the arbitration.  Silva improperly filed a Motion to Open a Default Judgment rather than a Motion for Post Trial Relief.  It is denied that Mid-Atlantic added legal fees to Silva's bill without an opportunity to object or without any judgment.  Averments in paragraph 86 through 89 are denied as conclusions of law and/or fact and for the reasons already set forth herein.  The averments in paragraph 90 are denied.  By way of further answer, Silva always had an outstanding balance due, not including the late fees, so that the Association was not collecting a late fee for an unpaid prior late fee as alleged by Silva.  The averments in paragraphs 92 and 93 are denied.  Averments in paragraphs 94, 99, 100, 101, 104, 105,

-4-

and 106 constitute conclusions of law and/or fact which are denied.  Paragraph 96 is denied since Silva was informed that coupon payment books were not used.  Answering Defendant is without knowledge as to the averments in paragraph 97 and they are denied.  It is denied that the alleged failure to have a coupon resulted in late fees as set forth in paragraph 98.  It is denied that Silva timely paid amounts she owed to the association as set forth in paragraphs 89, 100, and 101.  It is denied that Silva was not given an opportunity to contest any fees as alleged in paragraphs 104, 105, and 106.  The averments in paragraphs 109, 110, and 112 are denied since Defendants' conduct did not violate the FDCPA.  The averments in paragraphs 114 and 115 are specifically denied and conclusions of law are likewise denied.  It is denied that Canterbury Woods breached its contract as alleged in paragraph 119.  It is denied that Silva had no opportunity to determine the reasonableness of attorneys fees and did not have an opportunity to contest them.  It is denied that Silva made her monthly payments in a timely fashion since she did not pay the entire balance owed.  It is denied that there was a breach of contract as alleged in paragraph 121.  The averments in paragraph 122 are denied.

<u>SECOND DEFENSE</u>

Plaintiff fails to state a claim upon which relief can be granted.

-5-

### THIRD DEFENSE

Part or all of Plaintiff's claims are barred by the applicable Statute of Limitations including the one year statute under the Fair Debt Collection Practices Act and two year statute under the Pennsylvania Fair Credit Extension Uniformity Act.

### FOURTH DEFENSE

The Defendants, Alexander D. DiSanti, Esquire; DiSanti and Forbes, Bender, Paolino & DiSanti, P.C., Canterbury Woods Homeowners Association and Mid-Atlantic Management Corporation are not "debt collectors" under the FDCPA.

### FIFTH DEFENSE

Federal Court lacks subject matter jurisdiction over Plaintiff's claims under the Rooker-Feldman Doctrine since Plaintiff cannot seek review of a state court judgment. The state court judgment is the case, Canterbury Woods Homeowners Association, Inc. vs. Terry Elizabeth Silva, Court of Common Pleas of Delaware County, No. 01-50564.

### SIXTH DEFENSE

Plaintiff's claims are barred pursuant to the Doctrine of Res Judicata and/or Collateral Estopel, since the exact issues with the identical parties were already litigated in a prior state court proceeding, Canterbury Woods Homeowners Association, Inc. vs. Terry Elizabeth Silva, Court of Common Pleas of Delaware County, No. 01-50564.

-6-

### SEVENTH DEFENSE

Federal Court should not exercise jurisdiction of this matter pursuant to lis pendens doctrine since there is a pending state court proceeding involving the identical issues and same parties, Canterbury Woods Homeowners Association, Inc. vs. Terry Elizabeth Silva, Court of Common Pleas of Delaware County, No. 01-50564.

### EIGHTH DEFENSE

The debt identified in Plaintiff's Complaint does not come within the purview of the FDCPA.

WHEREFORE, Defendants request this judgment be entered in their favor and against Plaintiff, Terry Elizabeth Silva.

### **COUNTERCLAIM**

### **CANTERBURY WOODS HOMEOWNERS ASSOCIATION vs. TERRY ELIZABETH SILVA**

1. Defendant, Canterbury Woods Homeowners Association incorporates paragraphs 2, 5, 7, 12 and 102 of Plaintiff's Complaint.

2. Plaintiff Silva has repeatedly failed to pay to Canterbury fees owed to the Association pursuant to the Declaration which fees consist of monthly assessments, late fees and reasonable attorneys fees incurred in attempting to collect amounts owed to Canterbury by Silva.

-7-

3. Canterbury has incurred reasonable legal fees and costs in the amount of $5,113.00 as of 6/20/02, not including the amount of legal fees set forth in the state court judgment.

WHEREFORE, Defendant Canterbury Woods Homeowners Association, Inc. respectfully requests that judgment be entered in its favor and against Plaintiff, Terry Elizabeth Silva in the amount of $5,113.00, plus costs and interest.

RESPECTFULLY SUBMITTED,

FORBES, BENDER, PAOLINO & DiSANTI, P.C.

BY: _____
GARY C. BENDER, ESQUIRE
Attorney for Defendants

FORBES, BENDER, PAOLINO & DiSANTI, P.C.
BY:   GARY C. BENDER, ESQUIRE
ATTORNEY I.D. NO. 30408
225 NORTH OLIVE STREET
MEDIA, PA  19063                                          ATTORNEY FOR DEFENDANTS
(610) 627-1700

---

| | | |
|---|---|---|
| TERRY ELIZABETH SILVA | : | UNITED STATES District Justice |
| | : | COURT FOR THE EASTERN |
| vs. | : | DISTRICT OF PENNSYLVANIA |
| | : | |
| MID-ATLANTIC MANAGEMENT | : | |
| CORPORATION, et al. | : | NO. 02-CV-3579 |

## CERTIFICATE OF SERVICE

    I, GARY C. BENDER, ESQUIRE, hereby certify that a true and correct copy of Defendants' Answer and Counterclaim to Plaintiff's Complaint in the foregoing matter was mailed by first class mail, postage prepaid, on June 26, 2002 to the following:

> Kenneth J. Benton, Esquire
> Law Offices of Silva & Associates, P.C.
> 15 West Tenth Street, 2nd Floor
> Marcus Hook, PA  19061

> FORBES, BENDER, PAOLINO &
> DiSANTI, P.C.


> BY: _____
>      GARY C. BENDER, ESQUIRE
>      Attorney for Defendants