IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY ELIZABETH SILVA, | § | **Civil Action** |
| *Plaintiff,* | § | |
| vs. | § | **02-3579** |
| | § | |
| MID-ATLANTIC MANAGEMENT CORPORATION, | § | |
| CANTERBURY WOODS HOMEOWNERS ASSOCIATION, | § | |
| FORBES, BENDER, PAOLINO & DISANTI, P.C. AND | § | |
| ALEXANDER DISANTI, ESQ. | § | |
| *Defendants.* | § | |

## ORDER

AND NOW, this _____ day of _____, upon consideration of Plaintiff's

motion for leave to deposit the amount of Defendant's counterclaim into the registry

of the Court and the opposition thereto, it is hereby ORDERED that the motion is

GRANTED. Plaintiff shall herewith deposit the amount of five thousand, one

hundred thirteen dollars ($5,113.00) into the registry of this Court. Upon the final

determination of Plaintiff's claims against Defendants, the Court shall direct how

those funds shall be distributed.


BY THE COURT:


_____
The Honorable James McGirr Kelly
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERRY ELIZABETH SILVA,** | § | <u>**Civil Action**</u> |
| *Plaintiff,* | § | |
| vs. | § | **02-3579** |
| | § | |
| **MID-ATLANTIC MANAGEMENT CORPORATION,** | § | |
| **CANTERBURY WOODS HOMEOWNERS ASSOCIATION,** | § | |
| **FORBES, BENDER, PAOLINO & DISANTI, P.C. AND** | § | |
| **ALEXANDER A. DISANTI, ESQ.** | § | |
| *Defendants.* | § | |
| | § | |

**PLAINTIFF'S MOTION TO DEPOSIT THE AMOUNT OF DEFENDANT
CANTERBURY WOODS HOMEOWNERS ASSOCIATION'S
<u>COUNTERCLAIM INTO THE REGISTRY OF THE COURT</u>**

Pursuant to Fed. R. Civ. P. 67, Plaintiff moves this Court for leave to deposit into the Court's registry the amount sought in defendant Canterbury Woods Homeowners Association's ("Canterbury") counterclaim. In support of the motion, Plaintiff avers as follows:

1. Plaintiff filed this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1992 et seq, and under state law claims against Defendants, arising from a townhouse unit that she owns in Delaware County, Pennsylvania.

2. Defendants have been attempting to collect late fees against her because she was allegedly late in making the monthly payment of her association fee owed to defendant Canterbury Woods Homeowner's Association ("Canterbury").

3. Co-defendant, Mid-Atlantic Management Corporation, performs management services for Canterbury.

4.      Co-defendants Alexander DiSanti and Forbes, Bender, Paolino & DiSanti, P.C. are the lawyer and law firm, respectively, Canterbury retained to collect the alleged balances Silva owed.

5.      This action seeks redress for the illegal collection, and attempt to collect, fees not allowed by Pennsylvania law or by the agreement between Plaintiff and Canterbury.

6.      Defendants have engaged in the illegal practice of pyramiding, where late fees are assessed upon unpaid late fees.

7.      In response to the complaint, defendant Canterbury filed a counterclaim, alleging that Silva owes Canterbury $5,113.00 in attorney's fees incurred in attempting to collect allegedly unpaid monthly fees to Canterbury.

8.      One of the issues in Plaintiffs' claims concerns the way in which Canterbury has assessed and attempted to collect attorney's fees.

9.      Silva has never been provided an opportunity to contest them.

10.      Instead, Canterbury has simply added them to her monthly balance.

11.      Only one (1) of these four defendants has even a limited right to receive attorney's fees, that is, to collect homeowner's fees, where reasonable and necessary. Defense herein is not chargeable. Nor is defense of the remaining defendants is chargeable.

12.    Silva is concerned that is she litigates the late fees, Canterbury will assess attorney's fees also incurred in defending the claims and for the remainign defenses.

13.    But if the propriety of the late fees is determined in the context f the claims under the FDCPA and state law, Canterbury would not be able to assess late fees against Silva incurred in litigating this claim.

14.    Silva therefore proposes, pursuant to Fed. R. Civ. P.  67, to deposit in the registry of the Court the amount alleged to be owed in Canterbury's counterclaim, namely, $5,113.00.

15.    If Silva prevails in her claims, including a determination that the attorney's fees are unreasonable, Silva's deposit could be returned entire or a portion of it if the Court determined she owed part of the fees sought.

16.    If Canterbury defeats Silva's claims, the Court could award the amount deposited into the Court's registry to Canterbury.

WHEREFORE, Silva prays that the Court enter her proposed form of order.


_____
Kenneth J. Benton
Silva & Associates
15 West Tenth Street
Marcus Hook, PA 19061
(610) 485-3200


Dated:  July 17, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY ELIZABETH SILVA, | § | CIVIL ACTION |
| *Plaintiff,* | § | |
| vs. | § | **02-3579** |
| | § | |
| MID-ATLANTIC MANAGEMENT CORPORATION, | § | |
| CANTERBURY WOODS HOMEOWNERS ASSOCIATION, | § | |
| FORBES, BENDER, PAOLINO & DISANTI, P.C. AND | § | |
| ALEXANDER DISANTI, ESQ. | § | |
| *Defendants.* | § | |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
RULE 67 MOTION TO DEPOSIT THE AMOUNT OF
DEFENDANT'S COUNTERCLAIM INTO THE REGISTRY OF THE COURT

## I.    **Introduction**

Pursuant to Fed. R. Civ. P. 67, Plaintiff Terry E. Silva ("Silva" or "Plaintiff") seeks leave of Court to deposit into the Court's registry the amount of defendant Canterbury Woods Homeowners Association's alleged counterclaim. For the reasons set forth below, the motion should be granted.

## II.    **Background**

Plaintiff owns a townhouse unit at the Canterbury Woods townhouse development in Delaware County. This action arises from late fees and attorney's fees that Canterbury and other co-Defendants have attempted to collect from Silva. Pursuant to the Declaration of Canterbury, which sets forth the party's rights and duties, Plaintiff is required to make a monthly payment for a service fee to cover the costs for providing common services to the owners such as landscaping, trash, etc.

Pursuant to the Declaration, Canterbury has the right to assess late fees if the monthly payment is not received within ten days (10) days of its due date.

Canterbury has assessed many late fees in months in which the payments were indisputably paid and received on time. Further, Canterbury has assessed late fees upon late fees (a practice known as pyramiding), which is illegal and not authorized. Canterbury has assessed fees and charges without a bill being sent to Plaintiff.

Plaintiff filed this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq. with supplemental jurisdiction claims under Pennsylvania law. Defendant Canterbury Woods Homeowners Association has now responded with a counterclaim, which alleges that Plaintiff owes an additional five thousand, one hundred thirteen dollars ($5,113.00) in attorney's fees.

Plaintiff's action charges that Defendants' practices with respect to the imposition and collection of late fees and attorney's fees violate the FDCPA, Pennsylvania's Unfair Trade Practice and Consumer Protection Law, 73 Pa. Con. Stat. Ann. § 201-1 et seq. ("UTPCPL"), Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Con. Stat. Ann. § 2270.1 et seq., and the agreement between Silva and Canterbury. In response, Canterbury has filed a counterclaim alleging that Silva owes five thousand, one hundred thirteen dollars ($5,113.00) in attorneys fees that were allegedly incurred in attempting to collect late fees and other attorney's fees without bills, documentation or any explanation.

The Declaration only authorizes Canterbury reasonable and necessary fees to collect a homeowner's fee – nothing more. Only one of the three (3) present Defendants – namely Canterbury — possesses this right. The attorney's fees of the other three (3) defendants are not collectible, and the fees of Canterbury to defend Plaintiff's claims are not collectible. Rather than separate those issues out at the end of the proceedings, which involves laborious court review of billing records and activities, paying into the registry now will greatly simplify matters and avoid burdening the Court.

Because Canterbury's Declaration authorizes the imposition of attorney's fees incurred in attempting to collect unpaid monthly homeowner's fee payments, Plaintiff is concerned that Canterbury wishes to charge for its defense here such charge is not allowed by law. Further, if Plaintiff litigates Canterbury's counterclaim she potentially runs the risk of not only paying the fees being sought but also exponential expansion of attorney's fees that Canterbury will claim to incur and not being able to differentiate that from the many Defendants' defenses, which would not warrant attorney's fees.

Silva instead proposes, pursuant to Fed. R. Civ. P. 67, that she deposit the $5,113.00 into the Court's registry.[1] The issues of whether those fees are owed and the amount allegedly owed will be indirectly litigated in the contexts of Silva's claims against the three other Defendants and Canterbury. Silva contends that Canterbury's

---

[1] The undersigned first wrote to defendant's counsel for its agreement to this proposal, and did not receive any response. This motion followed.

assessment of attorney's fees in its collection of its myriad of fees, whereby Canterbury seeks to impose against Silva any attorney's fees it has paid in attempting to collect debts allegedly owed to it, without *any* opportunity to see the attorney bills that allegedly were incurred in attempting to collect funds from her and to contest them. Silva contends that this practice violates FDCPA, the Declaration, and state law. If Silva prevails in these claims, then the amount that Canterbury is seeking in its counterclaim will necessarily be affected. But litigating this in the context of Plaintiff's claims versus litigating it indirectly in the context of a counterclaim would avoid endless fee review work and protect Silva against the risks of being assessed Canterbury's attorney's fees incurred in litigating the counterclaim.

The payment into the registry would simplify discovery, trial and determinations by this Court as to what is related, reasonable and/or necessary.

Silva therefore proposes that she deposit the alleged amount of Canterbury's counterclaim into the Court's registry, and that Canterbury's counterclaim be held in abeyance pending resolution of Plaintiff's claims. If Plaintiff prevails in her claims then the amount she has deposited into the registry would be refunded either in whole or in part depending on the Court's ruling. If Canterbury prevails in the claims against it, then presumably it would take the entire amount deposited into the registry. Canterbury's defense costs on Plaintiff's claims would automatically be excluded from the remainder of these proceedings.

II.    **LEGAL ARGUMENT**

> **Pursuant to Fed. R. Civ. P. 67, the Court Should Grant Silva Leave to Deposit the Amount of Canterbury's Counterclaim into the Registry of the Court and Stay Litigation of the Counterclaim Pending a Ruling on Plaintiff's Claims.**

Rule 67 authorizes a party "[i]n an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing." Fed. R. Civ. P. 67. "Rule 67 provides that funds may be placed on deposit with the court until it determines how the funds should be divided among the parties to a suit." *Manufacturers Hanover Overseas Capital Corp. v. Southwire Co.*, 589 F.Supp. 214, 221 (S.D.N.Y. 1984). In determining whether to exercise its discretion under these circumstances, the Court should be mindful of Fed. R. Civ. P. 1, which provides that the Rules "shall be construed and administered to secure the just speedy and *inexpensive* determination of every action**."** (Emphasis added). By placing the counterclaim amount into the registry, unnecessary attorney's fees can be avoided.

<u>C<span>ONCLUSION</span></u>

For the foregoing reasons, the Court should enter Plaintiff's proposed form of order allowing Plaintiff to deposit the amount of Defendants' counterclaim into the registry of the Court pending the determination of Plaintiff's claims against all of the Defendants.

Respectfully submitted,

_____
Kenneth J. Benton
SILVA & ASSOCIATES, P.C.
1429 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 564-0202

Dated:   July 17, 2002

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TERRY ELIZABETH SILVA, | § | CIVIL ACTION |
| *PLAINTIFF,* | § | |
| vs. | § | **02-3579** |
| | § | |
| MID-ATLANTIC MANAGEMENT CORPORATION, | § | |
| CANTERBURY WOODS HOMEOWNERS ASSOCIATION, | § | |
| FORBES, BENDER, PAOLINO & DISANTI, P.C. AND | § | |
| ALEXANDER DISANTI, ESQ. | § | |
| *DEFENDANTS.* | § | |
| | § | |

## Certificate of Service

I, Kenneth J. Benton, hereby certify that a copy of the foregoing motion was served this date on the following person by regular United States mail postage pre-paid at the following address:

Gary Bender, Esquire
Forbes, Bender, Paolino & DiSanti, P.C.
225 North Olive Street
Media, PA  19063

_____
Kenneth J. Benton
Silva & Associates
1429 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 564-0202

Dated:   July 17, 2002