**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TERRY ELIZABETH SILVA, § | | **Civil Action** |
| *Plaintiff,* § | | |
| vs. § | | **02-3579** |
| § | | |
| MID ATLANTIC MANAGEMENT CORPORATION, § | | |
| CANTERBURY WOODS HOMEOWNERS ASSOC., § | | |
| FORBES, BENDER, PAOLINO & DISANTI, AND § | | |
| ALEXANDER A. DISANTI, ESQ. § | | |
| *Defendants.* § | | |

**MOTION OF PLAINTIFF TERRY ELIZABETH SILVA
FOR LEAVE TO AMEND THE COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a), Plaintiff Terry Elizabeth Silva moves this Court for an order allowing her to amend the caption and complaint. In support of the motion, Plaintiff avers as follows:

1.  Plaintiff seeks leave to amend the caption and complaints because the original complaint inadvertently named "Alexander *A*. DiSanti" as a defendant when Plaintiff meant to name "Alexander *D*. DiSanti."

2.  Alexander <u>D</u>. DiSanti is an attorney practicing in Media, Pennsylvania.

3.  Alexander <u>A</u>. DiSanti is also an attorney and is the father of Alexander <u>D</u>. DiSanti.

4.  The complaint was served on Alexander D. DiSanti.

5.  Plaintiff seeks to correct this error by amending the caption pursuant to Fed. R. Civ. P. 15(a).

6. The plain text of Rule 15 states that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

7. Neither DiSanti filed a motion to dismiss on the basis that the wrong party had been named in the complaint.

8. At all times relevant hereto, Alexander D. DiSanti, through his counsel, namely his law firm, Forbes, Bender, Paolino & DiSanti, has been defending the action as if he were the person named in the complaint.

9. In short, the naming of "Alexander A. DiSanti" in the complaint is a misnomer that in no way prejudices Alexander D. DiSanti.

10. Pursuant to the 1991 amendments to Rule 15, paragraph (c)(3) was added to nullify the harsh results of *Schiavone v. Fortune*, 106 S. Ct. 2379 (1986).

11. Under Rule 15(c)(3), an amended pleading relates back to the date of the original pleading when "the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision is satisfied and, within the period provided by Rule 4 and for service of the complaint, the party to be brought in by amendment a) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and b) knew, or should have known that, but for a mistake in suing the identity of the proper party, the action would have been brought against the party." Fed. R. Civ. P. 15(c)(3).

12. This is precisely the circumstance before the Court.

13. Alexander D. DiSanti's law firm, Forbes, Bender, Paolino & DiSanti, entered its appearance on his behalf.

14. When Defendants recently moved for summary judgment, they named "Alexander D. DiSanti" in the caption.

15. There is no prejudice to Alexander D. DiSanti in changing the caption.

16. Under these circumstances, leave to amend should be granted.

WHEREFORE, Plaintiff prays that this Court enter her proposed form of order allowing the amendment of the complaint to change the caption from Alexander *A*. DiSanti to Alexander *D*. DiSanti.

Respectfully submitted,

_____
Kenneth J. Benton
Silva & Associates, P.C.
1429 Walnut Street, Suite 900
Philadelphia, PA 19102
Attorneys for Plaintiff
(215) 564-0202

Dated: April 10, 2003

| | | |
|---|---|---|
| **IN THE UNITED STATES DISTRICT COURT** <br> **FOR THE EASTERN DISTRICT OF PENNSYLVANIA** | | |
| TERRY ELIZABETH SILVA, § <br> *Plaintiff,* § <br> vs. § <br> § <br> MID ATLANTIC MANAGEMENT CORPORATION, § <br> CANTERBURY WOODS HOMEOWNERS ASSOC., § <br> FORBES, BENDER, PAOLINO & DISANTI, AND § <br> ALEXANDER A. DISANTI, ESQ. § <br> *Defendants.* § | | <u>Civil Action</u> <br><br> 02-3579 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO AMEND THE CAPTION AND COMPLAINT**

I.  **Introduction**

   This action was filed under the Federal Fair Debt Collection Practices Act ("FDCPA") with supplemental jurisdiction over state law claims. One of the defendants listed in the complaint is "Alexander <u>A</u>. DiSanti," but Plaintiff intended to name "Alexander <u>D</u>. DiSanti." Alexander A. DiSanti is the father of Alexander D. DiSanti. The naming of the father, rather then the son, inadvertently occurred because they are both attorneys practicing in Delaware County. Although the complaint named "Alexander A. DiSanti," it was served on "Alexander D. DiSanti." Neither DiSanti filed a motion to dismiss on the basis that the wrong party had been named in the complaint. Alexander D. DiSanti's law firm, Forbes, Bender, Paolino & DiSanti, has entered its appearance in this action for all Defendants, including Alexander D. DiSanti.

Plaintiff now seeks leave of the Court to amend the caption and complaint. For the reasons set forth below, the motion should be granted.

II.     **Argument**

>       **Leave To Amend Should Be Granted to Allow Plaintiff to Amend the Caption and Complaint to Name "Alexander D. DiSanti" Rather than "Alexander A. DiSanti."**

Rule 15 controls amendments to the pleadings. Leave of court is required to amend once the period for filing a responsive pleading expires. See Fed. R. Civ. P. 15(a). It is axiomatic that leave to amend should be liberally granted. *Foman v. Davis*, 371 U.S. 178, 182 83 S.Ct. 227 (1962); *Lorenz v. CSX Corporation*, 1 F. 3d 1406, 1414 3d Cir. (1993).

The present issue of amending to correct a misnomer, whether the proper party is served with the complaint, but incorrectly identified in the caption,[1] is governed by the provisions of Rule 15 (c)(3). This provision was added under the 1991 amendments to Rule 15 in the wake of *Schiavone v. Fortune*, 477 U.S. 21, 29-30, 106 S.Ct. 2379 (1986). In *Schiavone*, the defendant in the law suit was incorrectly named in the caption. The plaintiff sought to amend after the statute of limitations had expired. The Supreme Court affirmed the Third Circuit's ruling denying leave to amend. The 1991 amendments ameliorate the harsh effect of *Schiavone* by providing that an amendment that merely corrects a misnomer or misidentification relates back

---

1.     *See* Wright, Miller & Kane, *Fed. Prac. & Proc.* §1498

to the original complaint if it were timely served and the defendant otherwise had notice that he was the intended party to be sued:

> This paragraph has been revised to change the result in *Schiavone v. Fortune, supra,* with respect to the problem of a misnamed defendant. An intended defendant who is notified of an action within the period allowed by Rule 4(m) [subdivision (m) in Rule 4 was a proposed subdivision which was withdrawn by the Supreme Court] for service of a summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name, provided that the requirements of clauses (A) and (B) have been met. ***If the notice requirement is met within the Rule 4(m) [subdivision (m) in Rule 4 was a proposed subdivision which was withdrawn by the Supreme Court] period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification.***

1991 Advisory Committee Notes; *see also Trant v. Towamencin Township*, 1999 WL 317032, *3 (E.D. Pa. 1999).

Professors Wright and Miller advise that an amendment to correct a misnomer should be granted as of right:

> A misnomer is involved when the correct party was served so that the party before the court is the one plaintiff intended to sue, but the name or description of the party in the complaint is deficient in some respect. *Under those circumstances, an amendment merely correcting that description does not entail the actual 'changing' of the parties and it should be allowed as a matter of course as long as it satisfies the standard in the first sentence of Rule 15(c).* For example, in *Brittian v. Belk Gallant Company,* a civil action for damages under the 1964 Civil Rights Act, plaintiff's original complaint omitted the word 'Suburban' from defendant's corporate name. According to the court: 'The determinative factor * * * is that the complaint was served upon the proper party * * *. Belk Gallant Company of Suburban Decatur, Georgia, Incorporated had notice of, and has been involved in, this suit from the beginning.' An even more striking illustration is Fricks v. Louisville & Nashville Railroad Company. FN36  By state statute the named defendant adopted 'Western & Atlantic Railroad' as an assumed

name when it leased tracks from and conducted business in Georgia. Defendant maintained that it could be sued only as Western & Atlantic Railroad for alleged misconduct within the state. The court held that to say the defect is not amendable 'would be the world's classic example of exalting form over substance.'

See Wright, Miller & Kane, *Fed. Prac. & Proc.* §1498 (emphasis added).

Under Rule 15(c), an amendment relates back to the date of the original pleading when the follow circumstances are established:

the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or 3) the amendment changes the party or the naming of the party against whom the claim is asserted is the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of summons and complaint the party to be brought in by amendment (a) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense of the merits, and (b) knew or should have known that, but for mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(3).

These requirements are satisfied here. Alexander D. DiSanti was served within one hundred twenty (120) days of the filing of the complaint, as set forth in the affidavit of service filed with the Clerk's office. Although the complaint named "Alexander A. DiSanti," Alexander D. DiSanti is the party on whom the complaint and summons were served. Moreover, Alexander D. DiSanti, as the son of Alexander A. DiSanti, knew, or should have known, that the complaint intended to name "Alexander D. DiSanti" because he has personal knowledge of the matter averred in the complaint. He filed the debt collection action against Plaintiff in the Court of

Common Pleas of Delaware County that is the basis of the present action in this Court under federal and state debt collection laws. Also, the current complaint plead that "Defendant Alexander A. DiSanti, Esq. is a citizen of Pennsylvania *and a Pennsylvania attorney practicing at Forbes, Bender, Paolino & DiSanti*." Complaint at ¶8. Alexander A. DiSanti does not practice at Forbes, Bender; Alexander D. DiSanti does. Finally, when defendant s recently moved for summary judgment, the caption identified "Alexander D. DiSanti."

This is a classic case of an incorrectly named defendant in a manner that is non-prejudicial to the improperly named party because the party received notice of the action. *See Pasternak v. Cumberland Farms, Inc.*, 1995 WL 128004, *1 (E. D. Pa. 1995)(allowing leave to amend of incorrectly named party); *Heinly v. Queen*, 146 F.R.D. 102 (E.D. Pa. 1993)(same); *Advanced Power Systems, Inc. v. Hi-tech Systems*, Inc. 801 F. Supp. 1450, 14565-57 (E.D. Pa. 1992); *Greiss v. Main Line Auto Wash,* 1989 WL 81514 (E.D.Pa. 1989)(where party incorrectly identified in complaint, amended complaint correctly identifying party related back to original complaint); . *Kasko v. American Gage & Mach. Co.*, 90 F.R.D. 162 (E.D. Pa. 1981)(allowing amendment to correct misnomer); *Dayton Monetary Assocs. v. Donaldson, Lufkin & Jenrette Securities Corp.*, 1992 WL 204374, *7 (S.D. N.Y. 1992) (collecting cases where amendment permitted under 1991 amendments because wrong party named and actual party knew). Therefore, Plaintiff should be allowed leave to amend the

caption to correct the naming of Defendant Alexander D. DiSanti. A proposed amended complaint is attached hereto as Exhibit "1" sans exhibits.[2]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be granted.

Respectfully submitted,

_____
Kenneth J. Benton
Silva & Associates, P.C.
1429 Walnut Street, Suite 900
Philadelphia, PA 19102
Attorneys for Plaintiff

Dated: April 10, 2003

---

2. Plaintiff does not believe it is necessary for defendant s to answer the amended complaint since they have proceeded as if "Alexander D. DiSanti" were named in the original complaint. Plaintiff seeks to have the complaint filed of record for purposes of showing the correct spelling of Alexander D. DiSanti's name. The Court state in its order that the answers defendants already filed are deemed to apply to the amended complaint, which is identical to the original except for the changing all references from "Alexander A. DiSanti" to "Alexander D. DiSanti."

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TERRY ELIZABETH SILVA, § | | **Civil Action** |
| *Plaintiff,* § | | |
| vs. § | | **02-3579** |
| § | | |
| MID ATLANTIC MANAGEMENT CORPORATION, § | | |
| CANTERBURY WOODS HOMEOWNERS ASSOC., § | | |
| FORBES, BENDER, PAOLINO & DISANTI, AND § | | |
| ALEXANDER A. DISANTI, ESQ. § | | |
| *Defendants.* § | | |

**CERTIFICATE OF SERVICE**

I, Kenneth J. Benton, hereby certify that a copy of the foregoing motion of Plaintiff Terry Elizabeth Silva for leave to amend the complaint and memorandum in support was served this date on the following person by regular United States mail postage pre-paid at the following address:

Gary Bender, Esq.
Forbes, Bender, Paolino & DiSanti, PC
225 N. Olive Street
Media, PA 19063

  _____
  Kenneth J. Benton
  Silva & Associates
  1429 Walnut Street, Suite 900
  Philadelphia, PA 19102
  (215) 564-0202

Dated: April 10, 2003