```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TERRY ELIZABETH SILVA,           :      CIVIL ACTION
     Plaintiff,                  :
                                 :
     v.                          :
                                 :
MID-ATLANTIC MANAGEMENT          :
CORPORATION, CANTERBURY WOODS    :
HOMEOWNERS ASSOCIATION, FORBES,  :
BENDER, PAOLINO & DISANTI, P.C.  :
and ALEXANDER A. DISANTI,        :
ESQUIRE,                         :
     Defendants.                 :      No. 02-CV-3579
```

**MEMORANDUM AND ORDER**

**J. M. KELLY**, J.                                    **MAY**    , 2003

Presently before the Court is a Motion for Leave to Amend the Caption and Complaint filed by Plaintiff Terry Elizabeth Silva ("Plaintiff") petitioning this Court for leave to remove all references to "Alexander A. DiSanti" as a named defendant in the abovecaptioned case and name instead "Alexander D. DiSanti, Esquire" as a defendant. Although Alexander A. DiSanti is an attorney, he is the father of Alexander D. DiSanti and not in any way involved in the alleged federal and state fair debt collection practices violations Plaintiff avers in her Complaint. Even though Plaintiff's request to amend was filed after the period for filing a responsive pleading had expired, Plaintiff contends that, pursuant to Federal Rule of Civil Procedure 15(c), Alexander D. DiSanti would not be prejudiced if her request to amend was granted since he was aware of the suit and Plaintiff's mistaken identification. Defendants Mid-Atlantic Management

Corporation, Canterbury Woods Homeowners Association, Forbes, Bender, Paolino & DiSanti, P.C. and Alexander A. DiSanti, Esquire (collectively, the "Defendants") argue that amending the Complaint to include Alexander D. DiSanti would be unduly prejudicial since a brief appearance was already entered on behalf of Alexander A. DiSanti and the answer to the Complaint and subsequent Motion for Summary Judgment was filed by Defendants on behalf of Alexander A. DiSanti.  For the following reasons, Plaintiff's Motion to Amend the Caption and Complaint is **GRANTED**.

    Pursuant to Federal Rule of Civil Procedure 15, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of the court or by written consent if justice so requires."  Fed. R. Civ. P. 15(a).  Generally, leave to amend should be freely granted absent a concern of (1) undue delay; (2) bad faith or dilatory motive; (3) continued failure to cure deficiencies by prior amendments; (4) undue prejudice to the opposition; or (5) futility of amendment.  Forman v. Davis, 371 U.S. 178, 182 (1962).  A party seeking to amend her complaint by changing a party to the action must comply with Federal Rule of Civil Procedure 15(c), which permits certain modifications that would otherwise be barred by the statute of limitations provided the proposed changes "relate

back" to the original Complaint.  Rule 15(c) states that:

> An amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).  Rule 15(c)'s relation back doctrine, as amended in 1991, sought "to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense" and reconcile the problem of a misnamed or misidentified party with the otherwise liberal pleadings practices under Rule 8.  Fed. R. Civ. P. 15(c)(3) advisory committee's note.

Since Plaintiff seeks to change the party named in her original Complaint, the claims asserted in the amended pleadings must arise out of the conduct complained of in the original pleading.  Further, Plaintiff must also demonstrate, pursuant to Rule 15(c)(3), that Alexander D. DiSanti, the party sought to be brought in by amendment, received timely notice under Rule 4(m)[1]

---

[1] Pursuant to Rule 4(m), a party must serve the summons and complaint upon a defendant within 120 days after the filing of

and knew or should have known that, but for Plaintiff's mistaken identification, the action would have been brought against him. Neither party disputes that the claims contained in the amended pleading arise out of the same conduct averred in the original Complaint. Thus, we focus only on whether Alexander D. DiSanti would be prejudiced by Plaintiff's proposed amendment. Rule 15(c)(3) requires that the proposed new defendant receive adequate and timely notice of the plaintiff's amendment and that the party sought to be added knew or should have known that, but for a mistake, the plaintiff would have named him in the original Complaint. Fed. R. Civ. P. 15(c)(3).

Plaintiff claims that Rule 15(c)(3) is satisfied since Alexander D. DiSanti was timely served a copy of the Complaint and he nevertheless admits that he knew that Plaintiff had intended to name him in the Complaint instead of Alexander A. DiSanti. (Defs.' Resp. ¶ 8.) Defendants assert, with little explanation, that Plaintiff's error was not simply a misnomer and that Plaintiff's proposed amendment would cause prejudice to Alexander D. DiSanti due to the statute of limitations. However, since Plaintiff has complied with Rule 15(c)(3), we find Defendants' bare assertions of prejudice unpersuasive and conclude that altering the caption and the Complaint to correct

---

the complaint. Fed. R. Civ. P. 4(m).

Plaintiff's error would not result in any undue prejudice to Defendants.  Accordingly, we **ORDER** that Plaintiff's Motion for Leave to Amend the Complaint is **GRANTED**.  It is **FURTHERED ORDERED** that: (1) Plaintiff shall file her proposed Amended Complaint, with exhibits, with the Clerk of Court and (2) The Clerk of Court shall change the name of "Alexander A. DiSanti" in the caption of this action to "Alexander D. DiSanti."

BY THE COURT:

_____
JAMES McGIRR KELLY, J.