**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TERRY ELIZABETH SILVA, § | | <u>Civil Action</u> |
| *Plaintiff,* § | | |
| vs. § | | **02-3579** |
| § | | |
| MID ATLANTIC MANAGEMENT CORPORATION, § | | |
| CANTERBURY WOODS HOMEOWNERS ASSOC., § | | |
| FORBES, BENDER, PAOLINO & DISANTI, AND § | | |
| ALEXANDER D. DISANTI, ESQ. § | | |
| *Defendants.* § | | |

### PLAINTIFF'S MOTION TO COMPEL ANSWERS TO OUTSTANDING DISCOVERY AND TO CHANGE THE TRIAL SCHEDULE

Plaintiff Terry Elizabeth Silva ("Siva"), through her undersigned counsel, hereby moves this Court to compel Defendants to respond to Plaintiff's outstanding interrogatories and document requests and to change the Court's trial schedule. In support of the motion, Plaintiff avers as follows:

1. On March 27, 2003, Plaintiff served Defendants with requests for production of documents. Pursuant to L.R. 26.1(g), copies are not attached.

2. More than thirty days have elapsed since the service of the document requests, and Defendants have neither answered them nor moved for a protective order.

3. On April 23, 2003, Plaintiff served Defendants with interrogatories.

4. More than thirty days have elapsed since service of the interrogatories, and Defendants have neither answered them nor moved for a protective order.

5. Plaintiff's counsel has repeatedly contacted defense counsel concerning the status of these discovery requests, as described below.

6.Counsel for Plaintiff and Defendants had scheduled the depositions of three witnesses for May 21, 2003 and May 23, 2003.

7.Defendant Alexander DiSanti's deposition was scheduled for Wednesday, May 21, 2003 and the depositions of Plaintiff and Defendant MidAtlantic employee Debbie Madden were scheduled for Friday, May 23, 2003.

8.When the depositions were scheduled, approximately one week before, Plaintiff's counsel reminded Defendants' counsel during their telephone conversation that discovery was overdue and needed to be answered.

9.Defense counsel stated that the discovery would be answered promptly.

10.When the discovery was not received within the next few days, as promised, Plaintiff's counsel contacted defense counsel by telephone to again remind him of the outstanding discovery.

11.Defense counsel again reiterated that the discovery would be answered shortly.

12.On Monday, May 19, 2003, Plaintiff's counsel again called defense counsel to inquire about the outstanding discovery.

13.Defense counsel stated that he would fax the discovery out that day.

14.On Tuesday, May 20, 2003, the day before the deposition of Alexander DiSanti, the discovery was still not received, and Plaintiff's counsel faxed a letter to defense counsel cancelling the deposition because the discovery had not been

answered and would be needed to prepare for the deposition. A copy of the letter is attached hereto as Exhibit 1.

15. On Wednesday, May 21, 2003, Plaintiff's counsel again called defense counsel to inquire about the outstanding discovery.

16. Defense counsel stated that there had been difficulty with the fax transmission the day before, but that he would re-fax the materials that day.

17. The materials were not received by fax that day.

18. On May 22, 2003, Plaintiffs counsel again called defense counsel to inquire about the outstanding discovery.

19. Defense counsel again stated that he would be faxing out the answers to the discovery that day.

20. Plaintiffs counsel never received the discovery responses.

21. On Friday, May 23, 2003, Plaintiff's counsel's secretary, Clara Sheppard, called defense counsel's office to inquire about the discovery and to reschedule the depositions.

22. Defense counsel informed Ms. Sheppard that he had not yet finished answering the discovery, contrary to his assertions earlier in the week, and that the discovery answers would be faxed out shortly.

23. Defense counsel also stated that he would contact Plaintiff's counsel on Tuesday morning, after the holiday weekend, to discuss rescheduling the depositions.

24. On Tuesday, May 27, 2003, Plaintiff's counsel did not receive a call from defense counsel, as he had promised, and Plaintiff's counsel then contacted defense counsel to again inquire about the status of the outstanding discovery and the scheduling of depositions.

25. Plaintiff's counsel left two messages with defense counsel's secretary, and warned that a motion to compel would be forthcoming if the discovery was not produced.

26. As of the date hereof, the messages were not returned and the discovery was not produced.

27. Plaintiff now moves to compel answers to the outstanding request for production of documents and interrogatories.

28. As required by Local Rule 26.1(f), Plaintiff's counsel has attempted to resolve the dispute without the Court's intervention, as detailed above.

### Request for Counsel Fees

29. Pursuant to Fed. R. Civ. P. 37(a)(4), Plaintiff seeks attorney's fees incurred in preparing this motion.

### Request to Change the Trial Schedule

30. Because of defense counsel's failure to answer the outstanding discovery, despite ample opportunity to do so, and ample prompting from Plaintiff's counsel, the current trial schedule is impacted.

31.     Plaintiff cannot properly conduct the depositions of DiSanti and Madden until defense counsel answers the outstanding discovery.

32.     Defense counsel is apparently unwilling or unable to do this without the Court's intervention.

33.     Accordingly, Plaintiff prays that this Court change all existing trial deadlines and discovery deadlines for thirty additional days after the Court decides upon this pending motion.[1]

WHEREFORE, Plaintiff prays that this Court enter its proposed form of order compelling Defendants to answer Plaintiff's outstanding interrogatories and document requests, to reschedule the current trial schedule, and to order defense counsel to pay Plaintiff's attorneys fees incurred in filing this motion.

Respectfully submitted,

_____
Kenneth J. Benton
Silva & Associates
1429 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 564-0202

Dated: May 28, 2003

---

    1.     Plaintiff recognizes that the Court has previously accommodated two requests to change the trial schedule and regrets that another request is being made. But counsel has repeatedly tried without success to obtain defense counsel's cooperation in the scheduling of depositions and answering discovery, both of which are necessary precedents to trial preparation.